UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                               Case No. 16-cr-0036

        Plaintiff

    v.                                                        MEMORANDUM OPINION

Lawrence Walls,

        Defendant

## I.    Introduction

Defendant Lawrence Walls moves for a determination of whether the Armed Career Criminal Act (ACCA) applies to his case. (Doc. No. 19). For the reasons stated below, I find Walls to be an armed career criminal within the meaning of the ACCA, mandating a sentencing enhancement.

## II.    Background

On October 16, 2015, officers witnessed Defendant Lawrence Walls shaking a gun and pointing it at someone in a van. When officers approached with emergency lights, Walls fled the scene. Walls was found in an abandoned garage a couple of blocks away; a pistol with seven ammunition cartridges was found on the path of pursuit. The pistol had been purchased by Walls' girlfriend nearly a year prior to the incident. At the time, Walls had three prior convictions. In 1992, Walls entered an *Alford* plea to aggravated assault. He was convicted of aggravated assault again in 1997. He incurred his final conviction in 2001 for aggravated robbery, aggravated burglary, and robbery. Because of the prior convictions, Walls was charged with the offense of felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) & 924(e).

### III.    Standard

The ACCA applies to defendants with three convictions for violent felonies or serious drug offenses, incurred during three separate incidents.  18 U.S.C. § 924(e).  A violent offense is "any crime punishable by imprisonment for a term exceeding one year… that has as an element the use, attempted use, or threatened use of physical force against the person of another; or is burglary."  *Id.* at § 924(e)(2)(B).  Physical force under the statute means "force capable of causing physical pain or injury to another person."  *Johnson v. United States*, 559 U.S. 133, 140 (2010).  If the defendant has three convictions that qualify as violent felonies or serious drug offenses under the definition of the statute, he must be sentenced to a minimum of fifteen years.

### IV.    Discussion

The parties agree the 1997 and 2001 convictions each qualify as violent felonies under the ACCA; I concur.  The remaining 1992 conviction for aggravated assault remains contested. Defendant contends the conviction does not apply because (1) he was convicted under the 1992 version of the statute, (2) the provocation element of the offense, and (3) the conviction was incurred by *Alford* plea.  The United States disagrees with each argument.

As asserted by the Defendant, O.R.C. § 2903.12 was modified between the time of Walls' first and second convictions for aggravated assault. At the time of Walls' 1992 conviction, a violation of the following was considered aggravated assault:

> No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: (1) Cause serious physical harm to another; (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance.

O.R.C. § 2903.12(A) (1992).

In 1996, the statute was amended to add "or to another's unborn" in subparts (1)-(2), essentially expanding the pool of eligible victims.  In *United States v. Anderson*, the Sixth Circuit held that a conviction under O.R.C. § 2903.12 was a violent felony under the ACCA.  695 F.3d 390, 400-01 (6th

Cir. 2012) ("[T]he Ohio aggravated assault statute, which requires proof of 'serious physical harm' or 'physical harm…by means of a deadly weapon or dangerous ordinance,' necessarily requires proof that the defendant used 'force capable of causing physical pain or injury.'"). The same language relied upon in *Anderson* was present in the 1992 version of the statute. Therefore, regardless of the 1996 amendment, the 1992 version of aggravated assault is considered a "violent felony" for purposes of the ACCA.

To the same end, the provocation aspect of the statute is immaterial to whether the offense is considered a violent felony. In *United States v. Perry*, the court explicitly rejected the argument that the element of provocation reduced the violent nature of the offense. 703 F.3d 906, 910 (6th Cir. 2012). The Sixth Circuit held that the mitigation of provocation "is a marginal reduction in the defendant's culpability—not a reduced risk of injury." *Id.* at 910-11. Therefore, provocation had no effect on the "violent" nature of the offense. In *Perry*, Ohio's aggravated assault statute was found to qualify as a violent felony under the ACCA on independent grounds than those relied upon in *Anderson*. *Id.* at 910.

Finally, while it is true a defendant entering an *Alford* plea does not affirm the factual basis for the conviction, he "has 'necessarily' admitted to the elements of the charge." *United States v. McMurray*, 653 F.3d 367, 381 (6th Cir. 2011); *see also United States v. Mitchell*, 743 F.3d 1054, 1066-67 (6th Cir. 2014) (rejecting Defendant's argument that a robbery conviction should not be considered under the ACCA because he never *admitted* but only *stipulated* to the facts of the violent felony). Therefore, an *Alford* plea does not shield the defendant from sentence enhancements under the ACCA "if the statute of the conviction is categorically a 'violent felony.'" *Id.* Here, as stated above, Ohio's aggravated assault statute is considered a categorically violent felony. *Anderson*, 695 F.3d at 400-401; *Perry*, 703 F.3d at 910. Therefore, no further inquiry is necessary to determine whether the 1992 aggravated assault conviction by way of an *Alford* plea may serve as a predicate conviction for

sentence enhancement under the ACCA.  The 1992 conviction is a violent felony; Walls' three convictions result in the applicability of § 924(e).

## V. Conclusion

Defendant Lawrence Walls' previous three convictions in 1992, 1997, and 2001 are each violent felonies for the purpose of the ACCA.  Therefore, the ACCA applies to the Defendant and a minimum sentence of fifteen years is required.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge