UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                  Case No. 16-cr-36

            Plaintiff

    v.                                                     MEMORANDUM OPINION


Lawrence Lee Walls,

            Defendant

## I.   INTRODUCTION

Before me is Defendant Lawrence Walls objection in response to my pre-trial classification of Defendant as an armed career criminal under the Armed Career Criminal Act. (Doc. No. 73). The government opposes reconsideration. (Doc. No. 78).

## II.   BACKGROUND

Prior to the trial in April 2017, Defendant Lawrence Walls moved for a pre-trial determination as to the application of the Armed Career Criminal Act to his case. At issue were the following three incidents and five resulting convictions: (1) 1992 aggravated assault under O.R.C. 2903.12; (2)1997 felonious aggravated assault with a firearm specification under O.R.C. § 2903.12(A)(2); and (3) 2001 aggravated robbery with a firearm specification under O.R.C. §§ 2911.01(A)(1) & 2941.145, aggravated burglary with firearm specification under O.R.C. §§ 2911.11(A)(1) & 2941.145, and robbery under O.R.C. § 2911.02(A)(2). In the previous briefing, Walls conceded the 1997 and 2001 convictions qualified as two violent felonies for purposes of the ACCA. (Doc. No. 22 at 5-6). With respect to the 1992 conviction, Walls argued it should not be considered the third offense for purposes of the ACCA because (1) he was convicted under the 1992 version of the statute, (2) the provocation element of the offense, and (3) the conviction was

incurred by *Alford* plea. *Id.* at 3-5. Rejecting all three arguments, I found the 1992 conviction was a violent felony and that Walls was an armed career criminal under the ACCA. (Doc. No. 27).

III. STANDARD

The ACCA applies to defendants with three convictions for violent felonies or serious drug offenses, incurred during three separate incidents. 18 U.S.C. § 924(e). A violent felony is "any crime punishable by imprisonment for a term exceeding one year… that has as an element the use, attempted use, or threatened use of physical force against the person of another; or is burglary." *Id.* at § 924(e)(2)(B). Physical force under the statute means "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). If the defendant has three convictions that qualify as violent felonies or serious drug offenses under the definition of the statute, he must be sentenced to a minimum of fifteen years.

IV. DISCUSSION

To determine whether a crime is a violent felony under the ACCA, the court uses the categorical approach. *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015). The categorical approach "examines 'the statutory definition of the offense and not the particular facts underlying the conviction.'" *United States v. Anderson*, 695 F.3d 390, 399 (6th Cir. 2012) (quoting *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010)). *Shepard* documents will only be considered "[i]f it is possible to violate the statute in a way that would constitute a violent felony and in a way that would not." *Anderson*, 695 F.3d. at 399 (citing *Gibbs*, 626 F.3d at 352 and *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

The government agrees that because Walls' 2001 convictions were the result of one criminal episode, only one of the three may count towards his classification as an armed career criminal. (Doc. No. 21 at 9). Therefore, Walls will only be classified as an armed career criminal if both of his aggravated assault convictions, incurred in 1992 and 1997, and at least one of his 2001 convictions are considered violent felonies under the ACCA.

A.  Aggravated Assault

Walls was convicted of aggravated assault in 1992 and felonious aggravated assault with a firearm specification in 1997. Both convictions were incurred under O.R.C. § 2903.12. In 1992, the statute read as follows:

> No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: (1) Cause serious physical harm to another; (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance.

O.R.C. § 2903.12(A) (1992). The statute was amended in 1996, before Walls' 1997 conviction, to add the phrase "or to another's unborn" in subparts (1)-(2). The amendment did not alter the underlying elements of the offense. Instead, it criminalized harm to "another's unborn" in addition to "another" herself.

Interpreting the statutory language of O.R.C. § 2903.12(A), the Sixth Circuit has determined it to be a violent felony under the elements clause of the ACCA "because it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012) (quoting 18 U.S.C. §924(e)(2)(B)(i)). In reasoning, the Circuit stated,

> We think it is clear that the Ohio aggravated assault statute, which requires proof of "serious physical harm" or "physical harm ... by means of a deadly weapon or dangerous ordnance," Ohio Rev.Code § 2903.12(A)(1)-(2), necessarily requires proof that the defendant used "force capable of causing physical pain or injury." We hold that one can "knowingly ... [c]ause serious physical harm to another," Ohio Rev.Code § 2903.12(A)(1), only by knowingly using force capable of causing physical pain or injury, *i.e.,* violent physical force, in the context of determining what crime constitutes a "violent felony" under § 924(e)(2)(B)(i).

*Id.* Further, the court stated, "we now explicitly hold that it does not matter that the Ohio statute at issue does not contain a stand-alone physical force element because proof of serious physical injury or pain under the statute necessarily requires proof of violent physical force." *Id.* at 401.

Walls argues *Anderson* should not apply and, in turn, his aggravated assault convictions should not be considered categorically violent felonies. Specifically, he asserts: (1) the statute does

3

not satisfy the physical force element; and (2) the modified categorical approach should be used as opposed to the categorical approach. But, ultimately, both of his arguments fail because of the Sixth Circuit's recent holding in *Williams v. United States*, 875 F.3d 803 (6th Cir. 2017).

In *Williams*, the Sixth Circuit was presented with the question of whether felonious assault, under O.R.C. § 2903.11(A),[1] was a violent felony under the ACCA. But the court in *Anderson* had already determined it to be violent felony, stating,

> Subsection A of the felonious assault statute is identical to the Ohio aggravated assault statute, minus the mitigating element of provocation. *State v. Deem,* 40 Ohio St.3d 205, 533 N.E.2d 294, 299 (1988). Therefore, because we have held…that a conviction under the Ohio aggravated assault statute qualifies as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i), the same must follow for subsection A of the felonious assault statute. We accordingly hold that a conviction under Ohio Revised Code § 2903.11(A) qualifies as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i).

695 F.3d at 402. Declining to hear the issue en banc, and possibly overrule *Anderson*, the Circuit followed *Anderson*'s binding precedent and held the conviction for felonious assault was a categorically violent felony under the ACCA. *Williams*, 875 F.3d at 805-07. In doing so, it confronted the two arguments now raised by Walls.

First, the majority opinion rejected the argument that the modified categorical approach, "only appropriate for divisible statutes," should be applied. *Williams*, 875 F.3d at 806 (citing *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 2283-84 (2013), and *Mathis v. United States*, 136 S.Ct. 2243, 2248-49, 2256 (2016)). The Circuit did not evaluate whether the statute was divisible. Instead stating, "regardless of the statute's divisibility …, Williams' claim would still necessarily require this panel to overrule *Anderson*, which held that *both* parts of the statute require the use of physical force and are therefore violent felonies under the ACCA elements clause." *Williams*, 875 F.3d at 806.

---

[1] O.R.C. § 2903.11(A) reads as follows:
(A) No person shall knowingly do either of the following:
(1) Cause serious physical harm to another or to another's unborn;
(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

4

Second, while the majority opinion did not address the argument regarding use of force, the concurring opinion adopted the petitioner's argument, identical to the one Walls now asserts. Penning the concurring opinion, Judge Karen Nelson Moore described the categorical approach and stated, "If the state statute sweeps 'more broadly than' what the ACCA points to, then 'no conviction under that law [can] count as an ACCA predicate.'" *Id.* at 807 (quoting *Mathis*, 136 S.Ct. at 2248-49). She found the "serious physical harm" prong of the felonious assault and aggravated assault statutes did just that. *Id.* at 808-09. Specifically, she noted that the definition of "serious physical harm" encompasses five meanings, including "[a]ny mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment." *Id.* at 809 (quoting O.R.C. § 2901.01(A)(5)). In sum, she suggested the court reconsider *Anderson* en banc because "serious physical harm" could occur without the "violent force" required under the elements clause of the ACCA. *Id.* at 809. But she conceded that until that time, the court must follow *Anderson*. *Id.*

Following the Circuit's reasoning with respect to the identical felonious assault statute, I find that *Anderson* remains controlling in the context of aggravated assault, under O.R.C. § 2903.12(A), as well. Because aggravated assault is a categorically violent felony, the fact that the 1992 conviction was incurred by *Alford* plea is irrelevant. *United States v. McMurray*, 653 F.3d 367, 381 (6th Cir. 2011) ("Convictions based on *Alford*-type pleas can be predicate convictions under the ACCA if the qualifying crime is inherent in the fact of the prior conviction—i.e., if the statute of conviction is categorically a 'violent felony.'"). Both Walls' 1992 and 1997 convictions for aggravated assault count as a violent felony for purposes of ACCA classification.

B. Aggravated Robbery

In 2001, Walls was involved in a criminal episode that resulted in three convictions. One conviction was aggravated robbery under O.R.C. § 2911.01(A)(1). The statute, last amended in 1997, states,

5

> (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
> (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.

O.R.C. § 2911.01(A)(1). A "theft offense" includes robbery under O.R.C. § 2911.02, of which Walls was also convicted. O.R.C. § 2913.01(K)(1). Walls' conviction for robbery was under O.R.C. § 2911.01(A)(2), which states, "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall … [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."

Walls, relying on *United States v. Moore*, 203 F. Supp. 3d 854, 860-62 (N.D. Ohio 2016), contends aggravated robbery does not carry the requisite *mens rea* to be considered a violent felony. He cites a hypothetical posed by the *Moore* court, for the position that there are situations when aggravated robbery may be committed without the requisite force element. But, the Sixth Circuit has recently rejected this argument. *United States v. Patterson*, 853 F.3d 298 (6th Cir. 2017).

While the categorical approach considers "the minimum conduct criminalized by the state statute[, that] is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.'" *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). In *Patterson*, the court found that the hypothetical posed in *Moore*, and ones like it, were just that, "'imaginative flights' that the Supreme Court cautioned us not to use in applying the categorical approach." 853 F.3d at 304 (quoting *United States v. Doctor*, 842 F.3d 306, 313 (4th Cir. 2016) (Wilkinson, J., concurring)).

Not only is there no Ohio case law that has found O.R.C. § 2911.01(A) can be committed negligently or recklessly, but the Supreme Court of Ohio has also held there is no possibility that it could. *Patterson*, 853 F.3d at 303-04. In *State v. Evans*, 122 Ohio St. 3d 381 (2009), the Supreme Court of Ohio rejected the argument "that a person can indicate possession of a deadly weapon

6

without implying a threat to inflict physical harm." 122 Ohio St. 3d 386. Characterizing a hypothetical similar to that posed in *Moore* as "implausible," the court held,

> One cannot display, brandish, indicate possession of, or use a deadly weapon in the context of committing a theft offense without conveying an implied threat to inflict physical harm. It is the very act of displaying, brandishing, indicating possession, or using the weapon that constitutes the threat to inflict harm because it intimidates the victim into complying with the command to relinquish property without consent.

*Evans*, 122 Ohio St. 3d at 386.

Relying on *Evans*, the Circuit held that aggravated robbery with a deadly weapon was a categorically violent felony under the ACCA because it "require[s] proof of 'the use, attempted use, or threatened use of physical force against the person of another.'" *Patterson*, 853 F.3d at 303 (quoting 18 U.S.C. § 924(e)(2)(B)(i)). Therefore, following binding Sixth Circuit precedent, I find Walls' conviction for aggravated robbery under § 2911.01(A)(1) qualifies as a violent felony for purposes of the ACCA. Because only one conviction from the 2001 criminal episode may count towards Walls' classification as an armed career criminal, his robbery and aggravated burglary convictions need not be analyzed at this time.

## V. CONCLUSION

The Sixth Circuit has classified both aggravated assault and aggravated robbery as categorically violent felonies under the ACCA. Therefore, I find the following three convictions qualify as violent felonies: (1) 1992 aggravated assault; (2) 1997 aggravated assault; and (3) 2001 aggravated robbery. Because Walls committed three violent felonies, he is classified as an armed career criminal under the ACCA.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge